MARY MAYHEW V. ELIZABETH KNITTLE.

FILED APRIL 2, 1902. NO. 11,254.

Commissioner's opinion. Department No. 2.

1. **Assignment of Error: WAIVER.** Assignments in a petition in error, not argued in the brief of plaintiff in error, will be considered waived.

2. **Findings: EVIDENCE: BRIEF: ARGUMENT: WAIVER.** Where there are several findings, made by the trial court, which appear to be sustained by the evidence, each of which will sustain the decree and the plaintiff in error in his brief and argument in this court complains of but one of them, the decree will be affirmed without passing upon the findings complained of.

ERROR from the district court for Douglas county. Tried below before DICKINSON, J. *Affirmed.*

*Lysle I. Abbott,* for plaintiff in error.

*Joel W. West, contra.*

BARNES, C.

On the 11th day of June, 1897, the plaintiff herein commenced an action in the district court of Douglas county against the defendant, Elizabeth Knittle, to enforce the specific performance of a contract to convey certain real estate. The contract was entered into on the 20th day of July, 1891, and was alleged to be, in substance, as follows: That at the time it was entered into the defendant was the owner of the west thirty-three feet of lot 1, in block 92, original plat of Omaha; that one Lucien H. Spencer agreed to and with the defendant to build a brick block on the said lot, thirty-three feet front by sixty feet deep, and two stories high, the same to be built so that the median or middle line dividing the said building lengthwise should stand and be upon the middle line of the said lot; that the building should cost at least $5,000, and should be built according to certain plans and specifications, which were made a part of the contract. It was further provided that

when the building was fully completed, and all of the payments due for the erection of the same were made in full, the defendant should convey, by warranty deed, the east half of said lot to said Lucien H. Spencer; that upon the conveyance of the real estate, as provided in the contract, an agreement should be made and entered into by and between the parties thereto, giving to each party the free and unobstructed use in perpetuity of the hall in the second story, and the stairway leading from the street to the second story, the water-closet on the first or main floor, and the store room and water-closet in the basement, which it was stated were so constructed that they were on both sides of the middle line of the building. It was provided that the contract should be binding upon and accrue to the use of the heirs, assigns, executors and administrators of the respective parties thereto. It was further set forth in the petition that Lucien H. Spencer duly and fully complied with the terms and provisions of the contract by erecting said building, and that it cost a sum exceeding $5,000; that it was completed and the terms of the contract fully complied with by the said Lucien H. Spencer on or before the 3d day of January, 1892; that said Spencer went into the possession of his part of the building and remained in the possession thereof up to the time of his death; that he made a demand upon the defendant to execute a deed to him according to the terms of the contract, but that she refused, and has ever since refused, to make such deed. It was further alleged in the petition that soon after the completion of the contract on his part Spencer left the city of Omaha and remained away until the following June, at which time he returned, and on July 3, 1892, departed this life, leaving a will, by which he conveyed all of his property to the plaintiff (who was at that time his wife) and his sister, one Mrs. Harriet E. Smith. It was further alleged that the will had been probated and the estate settled, and that Harriet E. Smith had conveyed to the plaintiff all the interest that she had in and to the estate of the deceased. There was also a

claim made against the defendant for the rents and profits of the one-half of the building from the time of its completion to the date of the commencement of the suit. The petition concluded with a prayer for the specific performance of the contract, and an accounting for the rents and profits, and a judgment for the sum that should be found due the plaintiff. To this petition the defendant filed an answer setting forth the following defenses:

1. The defense of the statute of limitations.

2. Laches on the part of the plaintiff, together with facts incident thereto, showing the want of equity in the plaintiff's bill.

3. Gift of the property by Lucien H. Spencer during his life time to the defendant, and facts constituting a complete execution thereof.

4. A denial of all the facts stated in the petition, except those specifically admitted by the answer.

The reply was a general denial. A trial was had, and after the introduction of all of the evidence and arguments of counsel the court made the following findings:

"The court finds that there is no equity in the plaintiff's bill, and that the equities are in favor of the defendant as against the plaintiff.

"The court further finds that the defendant is the absolute owner in fee simple of the premises described in the plaintiff's petition, to wit: The west 33 feet of lot 1, in block 92, of the original plat of the city of Omaha, Douglas county, Nebraska, as surveyed, platted and recorded, and plaintiff has no right, title or interest therein by virtue of the contract set out in plaintiff's petition, nor in any other manner whatsoever.

"And the court further finds that plaintiff's cause of action is barred by the statute of limitations, and further that plaintiff was guilty of laches in commencing her suit on said contract."

And upon said findings the court made the following judgment:

"Wherefore, it is ordered, adjudged and decreed, that

the plaintiff's bill be dismissed, and that plaintiff be for-
ever barred from having or claiming to have any right,
title or interest in or to said premises, or any part thereof,
and that defendant's title in and to the same be and hereby
is established and quieted as against any and all claims
of the plaintiff, and that the defendant recover from the
plaintiff her costs herein expended, taxed at $——, to
which plaintiff excepts."

The plaintiff filed a motion for a new trial, which was
overruled, and she thereupon brought the case to this court
upon a petition in error, which contained the following
assignments:

"1. That the findings and judgment of the trial court
are not sustained by sufficient evidence.

"2. That the findings and judgment of the district court
are contrary to law.

. "3. That the trial court erred upon the trial of said
cause, and the proceedings connected therewith, in per-
mitting the witness, J. W. West, to testify in regard to
conversations with the deceased, Lucien H. Spencer, said
conversations occurring before the execution of the con-
tract sued upon in this case.

"4. The trial court erred in allowing the witness, Willie
Knittle, son of the defendant, to testify concerning con-
versations with the deceased, Lucien H. Spencer, after the
completion of the building erected by the said deceased
upon the premises in controversy in this suit.

"5. The trial court erred in refusing to grant a new trial
herein upon the grounds of newly-discovered evidence, as
shown by the affidavit of John O. Yeiser, filed in said
cause, which evidence the plaintiff was unable to discover
and produce on the trial for the reason that she did not
know of the existence of said evidence until after said
cause had been tried.

"6. The court erred in overruling plaintiff's motion for
a new trial."

1. The plaintiff, by her brief and argument of the case
in this court, presents but one contention, which is that

the court erred in finding that the plaintiff's cause of action was barred by the statute of limitations. She will be deemed to have elected to stand upon this single assignment of error, and to have waived all the others. Assignments in a petition in error not argued in the brief will be considered waived. *Madsen v. State*, 44 Nebr., 631; *Scott v. Chope*, 33 Nebr., 41; *Gill v. Lydick*, 40 Nebr., 508; *Glaze v. Parcel*, 40 Nebr., 732.

2. It will be observed that the court made certain findings, other than the one complained of, which are sufficient to sustain the decree. The court found that there was no equity in the plaintiff's bill; that the defendant is the absolute owner in fee simple of the whole of the real estate described in the petition; and that plaintiff has no right, title or interest therein by virtue of the contract set out in her petition, nor in any other manner whatsoever; and that the plaintiff was guilty of laches in commencing her suit on the contract. In her brief and argument plaintiff does not challenge these findings. Under the well-established rules of this court it is not necessary to further examine the record in this case, but, in order to be sure that no injustice is done the plaintiff, we have carefully read the evidence and find that it clearly shows that at the time the contract was entered into, the deceased, Lucien H. Spencer, stated, in the presence of a third party, that he was not particular about the contract himself, because the defendant had formerly been his wife; that he had done her a great wrong and injustice by putting her away and obtaining a divorce from her. He also expressed much feeling over the matter, and stated that he had sold some property for a large amount of money,—something like $18,000,—and that he intended to erect the building in question on the lot owned by the defendant for her, and give it to her in lieu of money, so as to provide a source of income for her and his son, Willie Knittle (sometimes called Eddie Spencer), who lived with her. It is further shown that, as soon as the building was completed, Spencer informed the defendant and his son of that fact; that on

the 5th day of January, 1892, two days after its comple-
tion, the defendant and her son moved into the building,
and took complete possession and absolute control of all
of it; that Spencer gave the defendant all of the keys, and
stated to her, in the presence of the son, that it was hers;
that she could rent it or do whatever she pleased with it;
that he was going to visit his homestead in Oklahoma; that
he parted with the defendant and his son on friendly terms
after making such statement, and on the 8th day of Janu-
ary started on his journey; that he returned in June, 1892,
and died July 3, leaving the will mentioned in the peti-
tion, but that it contained no reference to, or description
of, the property in question herein. It is further shown
that the defendant has remained in the absolute control
and possession of the whole property from the time that
she moved into the building until the commencement of
the action; that when deceased went to Oklahoma the only
property he left in the building was in the basement, and
was his surveying instruments, a safe, and a few tools;
that he never made any claim to the property, and never
demanded any deed therefor in his lifetime; that after the
death of Spencer, the plaintiff and a constable or other
officer went to the building, and got the things which she
claimed belonged to him; that the plaintiff delayed com-
mencing any suit to compel the specific performance of
the contract for more than five years after the completion
of the building; that during that time the defendant has
paid all of the taxes assessed against the whole property,
has had it painted at least twice, inside and out, has kept
it in good repair, has paid special paving taxes thereon,
and constructed a cement sidewalk in front of it, costing
considerably over $100. None of these facts seem to have
been disputed. It will thus be seen that there was suffi-
cient evidence to sustain the other findings of the court,
regardless of the question of the statute of limitations.
These findings not having been complained of in the brief
and argument of the plaintiff, and being amply sustained
by the evidence, the decree of the district court is right and
should be affirmed.

We decline to determine the question as to whether or not the court erred in finding that the plaintiff's cause of action was barred by the statute of limitations, because the decree must be affirmed on other grounds, and it is unnecessary to pass upon that question.

For the foregoing reasons, we recommend that the decree of the district court be affirmed.

OLDHAM and POUND, CC., concur.

By the Court: For the reasons given in the foregoing opinion, the decree of the district court is

AFFIRMED.